LONNIE SHERRILL *v.* WESTERN UNION TELEGRAPH COMPANY.

(Filed 17 May, 1911.)

1. Telegraphs—Death Message—Funeral Delayed—Evidence.

Damages being claimed for a delayed telegram in an action against a telegraph company, the message reading, "Ma died today; if any of you can come, will delay funeral," it is competent for the plaintiff to show by his evidence that if the message had

been duly received he would have sent an answer requesting a delay of the funeral, which would have enabled him to attend, and that the funeral would have been thus delayed at his request.

2. Telegraphs — Death Message — Funeral — Train Schedules — Evidence Sufficient.

In an action upon a delayed telegram wherein it is alleged that damages were caused plaintiff in not being able to attend a funeral, where a long journey by rail was necessary, with certain connections, it is sufficient evidence to go to the jury as to plaintiff's ability to reach his destination in time that he could have done so by regular schedule, and it was not upon him to prove that at the time the trains did not run behind, or that the connections were actually made.

3. Telegraphs — Death Message — Funerals — Absence Explained— Evidence—Elements of Damage.

Plaintiff having testified that if a message announcing a death had been duly delivered he would have taken train to destination, and would have attended the funeral, the failure to so attend being the ground for damages alleged, it is competent to show that he did not go when the message was actually delivered on account of the shock it gave his mother, when the purpose is to show the reason of his not going and not as an element of damages; and harmless when it appears that it was then too late for him to have gone in time to attend the funeral.

4. Telegraphs — Relationship — Proof of Affection — Evidence — Measure of Damages.

While damages will not be presumed from the relationship of aunt and nephew, in a suit upon a delayed telegram by the latter which proximately prevented him from attending the funeral of the former, and laid as the ground for the damages, it is competent to show the affectionate regard in which they held each other, and thus prove the damages alleged.

5. Telegraphs — Death Message — Unreasonable Delay — "Mental Anguish"—Evidence.

An unreasonable delay in the transmission and delivery of a message relating to a funeral, which causes a relative to be absent from the funeral, is sufficient for a recovery of damages for mental anguish in proper instances.

6. Telegraphs — Death Message — Duty of Plaintiff — Contributory Negligence—Evidence—Instructions.

In an action for damages sustained by being prevented from attending a funeral by the negligence of the defendant telegraph

company in delaying a telegram announcing a death and asking if plaintiff would attend the funeral, an instruction is proper, when the grounds for damages are correctly laid, that if plaintiff, after receiving the message, made every reasonable effort to reach his destination in time, and by reason of the delay in the message and without fault on his part he could not do so, he is entitled to recover damages.

7. Telegraphs — Death Message — Measure of Damages — Common-Sense View—Instructions.

The plaintiff suing for damages in not being able to attend the funeral of a relative, where the affectionate relation is shown to have existed, and which was caused by an unreasonable delay in a telegraph company of a message announcing a death, etc., a charge held correct in this case which differentiates the grief naturally caused by the death and that caused by not being able to attend the funeral, making the defendant only answerable in damages for the latter, and stating that the jury should apply "reasonable common-sense methods such as reasonable business men would apply" in awarding the amount of verdict.

APPEAL by defendant from *Lane, J.,* at the January Term, 1911, of McDOWELL.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*Pless and Winborne for plaintiff.*
*Geo. H. Fearons and Alf. S. Barnard for defendant.*

CLARK, C. J. This is an action to recover damages for mental anguish because of the failure to deliver promptly the following message, which was filed at Johnson City, Tenn., 3 P. M., 21 December, 1909, addressed to the plaintiff at Old Fort, N. C.: "Ma died to-day. If any of you can come, will delay funeral."

Though the plaintiff lived within sight of defendant's office and was known to its agents and to the people generally at Old Fort, this message was not delivered till 11 o'clock next morning when the plaintiff happened to go into defendant's office. The deceased was the aunt of the plaintiff; they had lived together at various times, and he testified if the message had been delivered promptly he would have gone to Marion on the 8.20 train next morning, and thence to Johnson City over the C. C. & O. R. R., and would have sent a message asking that the funeral be de-

layed, and that it would have been delayed till he could have been present; that if he had taken the first train after the message was delivered he would have had to have gone around by way of Morristown and could not have reached Johnson City till late at night, and knowing that the funeral could not then be delayed till the next day, which would have been the third day, he wired the relatives that he could not come.

The above statement of facts established negligence beyond controversy. Exceptions 1 and 2 were because the plaintiff was allowed to testify that if the message had been received by him the day it was sent he would have gone to Johnson City the next morning on the 8.20 train, and that he would have sent a message asking that the funeral be delayed, and exception 9 was to the admission of the testimony of J. G. Pulliam, the sender of the message to plaintiff, that if the plaintiff had sent such message that he would have been in time for the funeral, and that it would have been delayed on that day until his arrival. The most earnest contention of the defendant is that the 8.20 train might have been behind time and that the plaintiff might have missed connection at Marion. But the evidence of both plaintiff and Pulliam is that if the plaintiff had left on the 8.20 train, and had wired as he said he would have done, the funeral would have been delayed that day till his arrival. This testimony is uncontradicted. There is no presumption of law or of fact that the train was behind time or that plaintiff would have missed connection or that the funeral would not have been delayed till his arrival if he had. It does not appear how many trains passed over C. C. & O. R. R. each day nor the length of time between the arrival of the train from Old Fort at Marion and the departure of the train at that point for Johnson City. The evidence of plaintiff and Pulliam is simply that if he had left Old Fort on the 8.20 train that day, sending the message he said he would have sent, the funeral would have been delayed till his arrival.

Exceptions 3 and 4 are because the plaintiff was allowed to testify that the delay in the message till the next day caused such a shock to his mother that he could not have left on the next day after receipt of the message. This was not submitted

to the jury as an element of damages and was competent as one of the reasons why he could not have left after the receipt of the message at 11 o'clock next day. It was harmless, for the evidence was that if he had left after the receipt of the message he could not have reached Johnson City till late at night and the funeral could not have been postponed then till next day.

The next four exceptions were to the admission of evidence as to the relationship and feeling existing between the plaintiff and the deceased. It has been long settled that feelings of affection are presumed in the very near relations of life, but between more distant relatives such feelings must be shown by evidence. *Cashion v. Tel. Co.,* 123 N. C., 267; *Harrison v. Tel. Co.,* 136 N. C., 383; *Luckey v. Tel. Co.,* 151 N. C., 553.

Exceptions 10, 11, 12 and 13 are to the refusal of the court to tell the jury that the plaintiff was not entitled to recover damages for mental anguish. This scarcely needs consideration. The delay in the telegram was unreasonable. A letter by mail would have gone from Johnson City to Old Fort in less time. The evidence is that the plaintiff would have gone in time to have been at the funeral if the telegram had been delivered before the 8.20 train next morning; that he could not have gone in time if he had left by the first train, 1.10 P. M., after the receipt of the message, and there was evidence of affection between the plaintiff and deceased, in addition to the relationship.

Exceptions 14 and 15 are to the instructions of the court that after the plaintiff received the message he should have made every reasonable effort to reach Johnson City in time for the funeral, and if by reason of the delay in delivering the message he could not after making such efforts have reached Johnson City in time for the funeral, and there was no fault on his part, he was entitled to recover damages. In this there was no error.

The sixteenth and last exception is to the instruction of the court upon the question of damages, as follows: "If you come to the issue as to damages, you should assess the damages at such a figure as would be reasonable, fair and just compensation for the injury, and on arriving at it you should apply reasonable common sense methods such as reasonable business men would

apply. You should not consider the grief and anguish natural to the loss of the relative. You should separate the grief at the aunt's death from the grief and anguish at not being at the funeral. It is natural to suppose that a man who loses a near relative suffers grief, and you should not consider that, but only consider the anguish and suffering he may have undergone by reason of the fact that he did not attend the funeral, if you find such failure was proximately caused by defendant's negligence." We do not see that the defendant can complain of this.

The defendant company is granted its franchise that it may serve the public by the prompt despatch and delivery of messages whose urgency requires more speedy transmission and delivery than can be had by the ordinary course of the mail. When by the selection of inefficient agents, or inefficient supervision of them, such messages are unreasonably delayed, the telegraph company has failed in its duty and the plaintiff who has sustained damages by reason of such negligence is entitled to recover therefor. It is in the power of the defendant to avoid all such actions as this by proper attention and the faithful discharge of its duties. The telegraph company has no cause to complain of any one but itself that such actions arise. It is in its power to prevent them and it is its duty to do so.

No error.