H. F. HEDRICK v. WESTERN UNION TELEGRAPH COMPANY.

(Filed 11 November, 1914.)

1. Telegraphs — Negligence—Mental Anguish—Issues—Causal Connection—
   Trials—Instructions.

   Where damages are sought for mental anguish and the negligent delay of a message by a telegraph company, and the first issue relates solely to the question of defendant's negligence, and the second as to whether the damages were caused by the negligence of the defendant, and where the jury has affirmatively answered the second issue under proper instruc-

tions, it includes the question of proximate cause. Hence, an instruction on the first issue, that the jury could answer it without finding that the negligence of the defendant was the cause of the injury, is not erroneous. In this case, it appearing that the name of the sendee of the message was changed in transmission, without explanation, and otherwise it would have been promptly delivered, there was no real controversy presented as to proximate cause arising under the second issue, and the judge would have been justified in instructing the jury that the defendant was negligent upon the admitted facts, upon the first one.

2. Telegraphs — Mental Anguish — Presumptions—Relationship—Uncle and Nephew.

Where a telegram to an uncle announces the death and time of burial of his 4-year-old nephew, there is a presumption arising from the relationship that the sendee of the message will suffer mental anguish in consequence of not being able to attend the burial of the deceased, caused by the negligence of the telegraph company in failing in its duty to transmit and deliver the message with reasonable promptness. *Sherrill v. Telegraph Co.*, 155 N. C., 250, cited and approved.

APPEAL by defendant from *Devin, J.,* at March Term, 1914, of FORSYTH.

This is an action to recover damages for mental anguish, because of the failure of the defendant to correctly transmit and with reasonable promptness deliver a telegram addressed to the plaintiff, announcing the death and burial of his nephew.

The record shows that the nephew of the plaintiff, a child not quite 4 years of age, died at Lexington, N. C., about 5 o'clock p. m., on Saturday, 8 February, 1913. At 9:42 a. m. on the following Sunday, one W. H. Seachrist went, at the request of the plaintiff's brother-in-law, father of the child, to the defendant's office at Lexington, and asked the defendant's agent to send a message to the plaintiff, at Winston-Salem. This message was, at the request of the sender, written by the defendant's agent, as follows:

H. F. HEDRICK, 14 Liberty Street, Winston-Salem, N. C.
Our baby is dead; bury at 4 this evening.
(Signed)    S. E. MILLER.

The agent thereupon informed the sender that the office at Lexington closed at 10 a. m., and that he would rush the message through as soon as he could. The message was relayed by Charlotte and was received at Winston-Salem at 9:47 a. m., addressed to S. F. Hedrick, 14 Liberty Street. As soon as the message was received, it was turned over to a messenger, who tried to deliver it to S. F. Hedrick. The plaintiff lived in Winston-Salem, on Fourteenth Street, 300 or 400 yards from Liberty, and there was no such number as 14 Liberty Street. His name and

address appeared in the city directory as "H. Frank Hedrick, Fourteenth Street, corner of Howard." The messenger boy failed to find the plaintiff, and when he returned to the office with the message at 10 minutes past 12, the office had closed. The Sunday hours at the Winston-Salem office at the time this message was received were from 8 to 10 a. m. and 4 to 6 p. m. The message was delivered at 5:20 p. m., and the plaintiff testified that he could and would have gone to Lexington to attend the funeral if he had received the message in time.

There was no material exception to the charge upon the first issue, except upon the ground that the judge, in effect, told the jury they could answer the issue in the affirmative without finding that the negligence of the defendant was the cause of injury to the plaintiff.

His Honor charged the jury upon the second issue as follows: "You will allow nothing for punishment against the defendant; but the rule, gentlemen, is compensation for his suffering. Compensatory damages are the only damages you could allow. It would be your duty to find under this issue, if you want to answer it, what amount in dollars and cents you find to be a fair, just, and reasonable compensation to the plaintiff on account of anguish sustained by reason of the negligence of the defendant.

"The word 'anguish' indicates a high degree of mental suffering, without which the plaintiff should not recover substantial damages. Mere disappointment would not amount to mental anguish or entitle the plaintiff to more than nominal damages. In all cases damages for mental anguish are purely compensatory, and should never exceed a just and reasonable compensation for the injury suffered. If the defendant has been negligent, it is the duty of the jury to give to the plaintiff fair recompense for the anguish suffered from such negligence, but from that alone; and in determining the amount they should render to each party exact and equal justice, without a shadow of generosity, which is not a virtue in dealing with the property of others.

"You will distinguish between mental anguish caused by the negligence of the defendant and grief on account of the death of a near relative, and you would not allow anything on account of the natural grief which the person would have—plaintiff in this case had, if you find that he did have—on account of the death of one who was closely related by blood to him, but only grief and anguish which he sustained by reason of the failure of the defendant to transmit correctly and properly deliver a message notifying him of the time of the interment of one whose relationship by blood was that as close as shown in this case; and in order for him to recover damages for mental suffering caused by the negligence of the defendant it is necessary to show that the defendant could reasonably have foreseen from the face of the message that such damages

would result from a breach of its contract or duty to transmit correctly, or that it had extraneous information which should have caused it to anticipate just such a consequence from a neglect of its duty towards the plaintiff.

"The message in this case, announcing the death and interment at a particular hour, was of a character sufficient to inform the defendant of its great importance, and that mental anguish would probably result from its negligence in failing to transmit it with reasonable promptness. A message relative to the death of a person is sufficient to put the defendant company on notice that a failure to deliver will result in mental suffering for which damages may be recovered.

"(Mental suffering is presumed if there be close blood relationship, and you may also consider the testimony of the plaintiff himself on that, as to his feelings, and evidence which you will recall as to the existence of mental anguish caused by the negligence of the defendant.)"

The defendant excepted to the part of the charge in parentheses.

The jury returned the following verdict:

1. Did the defendant negligently fail to transmit and deliver the message, as alleged in the complaint? Answer: "Yes."

2. What damage, if any, has the plaintiff sustained on account of mental anguish caused by the negligence of the defendant? Answer: "$250."

There was a judgment in favor of the plaintiff, and the defendant appealed.

*Louis M. Swink for plaintiff.*

*George H. Fearons, Manly, Hendren & Womble, and Alfred S. Barnard for defendant.*

ALLEN, J. The issues submitted to the jury in *Hunter v. Tel. Co.,* 135 N. C., 461, were:

1. Was the defendant guilty of negligence, as alleged in the complaint?

2. What damage, if any, has the plaintiff sustained on account of mental anguish?

The first of these issues was approved by the Court, and the following issue was suggested in place of the second, because necessary to present the "causal relation between the negligence of the defendant and the damages sustained therefrom by the plaintiff": "What damage, if any, has the plaintiff thereby sustained on account of mental anguish?" Or, "What damage, if any, has the plaintiff sustained on account of mental anguish caused by such negligence?"

In *Alexander v. Tel. Co.,* 141 N. C., 76, the first issue in the *Hunter* case and the second issue suggested by the Court were approved, and it was held that it was not error to refuse to submit a third issue involving proximate cause, as the defendant could have the benefit of its contention under the issue of damages.

The issues in the case before us cannot be distinguished from those in the *Hunter* and *Alexander. cases,* and these decisions settle authoritatively that when issues are so framed, the first issue presents no question except negligence, considered separate from the result, and that the language in the second issue, "caused by the negligence of the defendant," is sufficient to sustain a finding of proximate cause.

It follows, therefore, as the question of proximate cause was not in the first issue, but in the second, that the exceptions to the charge on the first issue, permitting the jury to answer it in the affirmative without finding proximate cause, cannot be sustained.

It also appears that his Honor would have been justified in charging the jury that the defendant was negligent upon the admitted facts, as it is not denied that the message when delivered to the defendant at Lexington was addressed to H. F. Hedrick, and when received at the office of the defendant at Winston-Salem it was addressed to S. F. Hedrick, and there is no attempt to explain or excuse the change.

Nor does there appear to be any real controversy as to proximate cause, as the messenger of the defendant, who first received the message for delivery, testified that he was not looking for H. F. Hedrick; that there was a city directory in the office, and if he had turned to it he would have found the correct street address of H. F. Hedrick, and the plaintiff's uncontradicted evidence that he would have attended the funeral if he had received the message.

The charge as to the presumption of mental anguish arising from close relationship is sustained by *Cashion v. Tel. Co.,* 123 N. C., 274, which holds that the presumption extends to near relatives of kindred blood,. and this has been approved in *Harrison v. Tel. Co.,* 136 N. C., 382, and in other cases.

The fourth headnote to *Sherrill v. Tel. Co.,* 155 N. C., 250, says that this presumption does not exist when the relationship is that of aunt and niece, and of course the same rule would prevail as between uncle and nephew; but the headnote is not supported by the opinion. The point decided was that proof of the relationship creating the presumption did not prevent the introduction of other evidence of affection existing between the parties.

No error.